**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. ___ **16 - CV - 00150**

(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 20 2016

JEFFREY P. COLWELL
CLERK

_____LEILA M. MCCOY_____, Plaintiff,

v.

_____CO DEPT. OF HUMAN SERVICES_____,

_____STATE OF COLORADO_____,

_____,

_____,

_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

_____

**COMPLAINT**

_____

(Rev. 07/06)

## PARTIES

1. Plaintiff    LEILA M. MCCOY    is a citizen of    COLORADO

    who presently resides at the following address:

    17 N, GARLAND AVE. COLORADO SPRINGS, CO 80909

2. Defendant    CO DEPT. OF HUMAN SERVICES is a citizen of    COLORADO

    who live(s) at or is/are located at the following address:

    1575 SHERMAN STREET 1ST FLOOR DENVER, CO 80203

3. Defendant    STATE OF COLORADO    is a citizen of    COLORADO

    who live(s) at or is/are located at the following address:

    (Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:

    Claims fall under USC 1983, 1985, Americans w/ Disabilities Act, Rehabilitation Act and the defendants are acting under the "color of law" on behalf of the state of Colorado

5. Briefly state the background of your case:

On Sept. 1 2013 El Paso County Department of Human Services removed Plaintiffs children and had Plaintiff arrested on charges later dropped and sealed off Plaintiffs record by court order. The court also sealed all associated records and police reports. Plaintiff filed civil rights complaint with the agency and conducted a citizens review panal which found the agency had failed to provide appropriate evaluation, failed to provide reasonable accomodations and discriminated against the Plaintiff in administration of its services and did not provide agency documents, court filings and publiciations in accessible format. Plaintiff filed appropriate civil rights complaint with US Department of Health and Human Services office for civil rifghts and in retaliation for that complaint, Plaintiff was put into the TRAILS database using the "sealed" records despite the fact that the court had found no evidence of abuse or neglect.

Plaintiff is Blind, Mobility Impaired and has several documented chronic health conditions and uses a safety plan created with a Domestic Violence advocate. Plaintiff used an appropriate safety plan requiring her estranged spouse to visit with her children in a neutral place outside of her home if she did not feel safe hosting visits in her residence. El Paso County District court Judge Thoman Kennedy later reaffirmend this plan as did EPCDHS, by making it the order of the court and an approved safety plan for her children however, an unqualified "expert" Roslyn Randall testified in a child abuse TRAILS hearing claiming the adaptive safety plan and the Plaintiff's choice to have adoption and crisis pregnancy counseling in lieu of a foroced abortion made Plaintiff an "unfit" parent and amounted to "psychological abuse" of her toddlers ages 1, 3 and 4 who did not have the cognitive ability to process what an "adoption" is or why the safety plan was needed & within Plaintiffs rights

(Rev. 07/06)

The CDHS/EPCDHS case worker learned that Plaintiff was the victim of sexual assault and human trafficking as a monor, that her identity had been legally changed for her safety via sealed court order but deliberately cross referenced her identity information in the computer and on case records to "out" Plaintiff and humiliate and endanger Plaintiff and her child who was a product of the sexual abuse. Plaintiff employs a Home Health Adie whose services have been prescribed by a physician since Plaintiff was an infant, the aide made statement on behalf of Plaintiff in her civil rights case and other enforcement activities so EPCDHS emailed out his HIV status to shame him and try to force him to move out of the area. EPCDHS then contacted Plaintiff's housing authority where she received a special voucher for disabled persons and tried to have Plaintiff put off her housing and rendered home less while medically fragile by making false report about Plaintiff's household composition

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
### (Please number your paragraphs and attach any necessary additional pages.)

Citizens of the United States have a right to be presumed innocent until proven guilty under USC 4th, 5th and 14th amendment. The TRAILS database denied all citizens of Colorado the right to live peacefully, work in their chosen fields, to obtain housing and educational services and study in various professional fields because case workers who are not qualified, have not done appropriate evaluation using professional standards, are providing "expert" opinions wihtout being licensed by the Colorado Offender Management Board to do so and evaluating persons with disabilities and providing "expert" opinion and listing persons with disabilities in the TRAILS data base who are not licensed professionals in the disability or mental health field. Intake workers who may have never had any personal contact with, never made home visits and who fail to follow standard investigative techniques such as speaking to witnesses themselves are placing citizens in the database

County agencies are using sealed police records not appropriately acquired, preliminary police reports before investigations are completed. This database is unconstitutional and denies Colorado citizens fundemental rights under the US Constitution. Citizens appealing these decisions are denied the help of civil lawyers assigned by the court and expected to represent themselves against the Colorado Attorney General including those with cognitive, mental and physical disabilities even though no handicap accessible law library is availabe in the entire state of Colorado and many of the allegations are of a criminal nature risking the person losing rights under the 5th amendment. The TRAILS appeal process has to made within a 10 day time line even if pending criminal charges exist therefore, citizens are denied the "right to remain silent" and are required to put a statement in writing giving detailed information which could compromise a criminal trial.

The department of human services is allowed to give "summary" testimony of statements it claims have been made by un-named witnesses denying citizens the opportunity to face and cross examine witnesses against them. The department of human services is not being required to apply the CDHS best practices handbook for provision of services to families experiencing Domestic Violence and is placing DV survivors in the database for acts perpatrated by the abuser, and even after professional DV experts have found the initial report was an act of "coercive domestic violence" and the investigation does not validate the initial report. CDHS uses the database to penalize crime victims and strip persons experiencing DV of all rights under self-defense regulations including the CO "make my day" law.

Although state and federal law require law enforcement and government agencies to adhere to orders by the court sealing records. The TRAILS database circumvents the court rulings by placing the sealed information into a public database in the form of "case notes". County agencies maintain the sealed records in their files and have the records used in appeals and administrative hearings-actually have the sealed records read into the record and presented to the Administrative Law Judge as if the Appellant is guilty of the offense despite charges being dismissed and order of the court to seal the records depriving the appellant the right to cross examine witnesses, dispute facts in the reports and without folloring required procedure to unseal the record by filing motion with the court to do so.

(Rev. 07/06)                                3

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

The TRAILS database is being used to discrimnate against citizens with disabilities and deny citizens the right under CRS to be evaluated based on their own cultural and religious norms and is being used to marginalize and discriminate against religious groups who practice polygamy and other religious traditions in relation to marriage, family & child rearing practices and divorce. Even when the court orders the agency to have appropriate culturally sensitive evaluations completed for a family case workers are allowed to make a finding and place the family into the databse before such evaluations are completed

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

The TRAILS databse is being used to marginalize and prevent PWD & DV survivors from getting necessary housing, employment and educational training and employment. County agencies are allowed to make findings against persons with disabilities before appropriate evaluations by a licensed disability professional are completed. County agencies are allowed to list a person in the database as having a "substantial" mental or physical illness that makes them a danger to their own children and the public, even if those diagnoses are made by persons who lack professional training and licensing to make such findings. When patros file litigimate civil rights complaint agencies are allowed to release confidential information regarding those complaints and list patrons in the database as a form of intimidation, harassment and to influence victim/witnesses in Federal investigations of civil rights violations by the USDA and US Dept. of Health and Human Services office for civil rights.

The Violence Against Women Act and Crime Victims Constitution prohibit housing, employment and other firms from using the person's status as a victim to penalize them or deprive them of services or the right to housing and employment. When case workers do not adhere to the CO State CPS best practices manual and list DV survivors in the database for the actions of a perpatrator the victim and their children are subjected cruel and unusual punnishment, deprived of necessities and prohibited from working in the field most commonly used by single parents, PWD and other vulnerable populations who must work entry level positions and service positions to become self-sufficient and decrease dependence on public assistance. Families are also rendered homeless because housing programs automatically deny patrons who are regarded as child abusers-a criminal conviction is not necessary for a housing authority to deny housing assistance only a documented "pattern of behavior".

CDHS and its subsidiary agencies simply use TRAILS to circumvent and reverse all of the protections afforded crime and domestic violence through federal regulations.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

That the Colorado TRAILS database be declared unconstitutional

That all persons listed in the database for alleged criminal acts be removed unless a trial is conducted and they are found guilty in a court of law

That Persons with Disabilities, Persons with alternative lifestyles, religious and racial minorities not be placed in the database unless appropriate cultually sensitive evaluation has been conducted to ensure that the person has acted within "what is reasonable expected" in their culture and with their physical or mental limitations

That case workers not be allowed to list persons in the database as an individual with a diagnosed psychiatric or cognitive disorder if that professional does not have the education, training or license to make said diagnoses or determine if said disabilities make the person a danger to themselves or the public

That TRAILS database be required to remove all information such as identity of rape victims, identity of persons VAWA regulations

That "intake" workers be prohibited from making TRAILS findings until an investigation is conducted

That CDHS employees adhere to CDHS DV manual regarding TRAILS findings for victims of crime and Domestic Violence which prohibit agencies from listing DV survivors in the databse based on actions by the perpatrator

That agencies be required to consider how making findings on the parent will affect children, i.e. many low income persons work in service industries, making findings out of anger or revenge will make the parents unable to work and dependent on public assistance longer

Prohibit agencies from using database as a means on intimidating civil rights complaint filers or their families

Date: _1 - 17 - 16_

_____
(Plaintiff's Original Signature)

17 N, GARLAND AVE.
(Street Address)

Colorado Springs, CO 80909
(City, State, ZIP)

719.220.4242
(Telephone Number)

(Rev. 07/06)                    6

## PARTIES

1. Plaintiff     LEILA M. MCCOY     is a citizen of     COLORADO
   who presently resides at the following address:
   17 N, GARLAND AVE. COLORADO SPRINGS, CO 80909

2. Defendant     CO DEPT. OF HUMAN SERVICES is a citizen of     COLORADO
   who live(s) at or is/are located at the following address:
   1575 SHERMAN STREET 1ST FLOOR DENVER, CO 80203

3. Defendant     STATE OF COLORADO     is a citizen of     COLORADO
   who live(s) at or is/are located at the following address:

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:

   Claims fall under USC 1983, 1985, Americans w/ Disabilities Act, Rehabilitation Act and the defendants are acting under the "color of law" on behalf of the state of Colorado

5. Briefly state the background of your case:

On Sept. 1 2013 El Paso County Department of Human Services removed Plaintiffs children and had Plaintiff arrested on charges later dropped and sealed off Plaintiffs record by court order. The court also sealed all associated records and police reports. Plaintiff filed civil rights complaint with the agency and conducted a citizens review panal which found the agency had failed to provide appropriate evaluation, failed to provide reasonable accomodations and discriminated against the Plaintiff in administration of its services and did not provide agency documents, court filings and publiciations in accessible format. Plaintiff filed appropriate civil rights complaint with US Department of Health and Human Services office for civil rifghts and in retaliation for that complaint, Plaintiff was put into the TRAILS database using the "sealed" records despite the fact that the court had found no evidence of abuse or neglect.

Plaintiff is Blind, Mobility Impaired and has several documented chronic health conditions and uses a safety plan created with a Domestic Violence advocate. Plaintiff used an appropriate safety plan requiring her estranged spouse to visit with her children in a neutral place outside of her home If she did not feel safe hosting visits in her residence. El Paso County District court Judge Thoman Kennedy later reaffirmend this plan as did EPCDHS, by making it the order of the court and an approved safety plan for her children however, an unqualified "expert" Roslyn Randall testified in a child abuse TRAILS hearing claiming the adaptive safety plan and the Plaintiff's choice to have adoption and crisis pregnancy counseling in lieu of a foroced abortion made Plaintiff an "unfit" parent and amounted to "psychological abuse" of her toddlers ages 1, 3 and 4 who did not have the cognitive ability to process what an "adoption" is or why the safety plan was needed & within Plaintiffs rights

The CDHS/EPCDHS case worker learned that Plaintiff was the victim of sexual assault and human trafficking as a monor, that her identity had been legally changed for her safety via sealed court order but deliberately cross referenced her identity information in the computer and on case records to "out" Plaintiff and humiliate and endanger Plaintiff and her child who was a product of the sexual abuse. Plaintiff employs a Home Health Adie whose services have been prescribed by a physician since Plaintiff was an infant, the aide made statement on behalf of Plaintiff in her civil rights case and other enforcement activities so EPCDHS emailed out his HIV status to shame him and try to force him to move out of the area. EPCDHS then contacted Plaintiff's housing authority where she received a special voucher for disabled persons and tried to have Plaintiff put off her housing and rendered home less while medically fragile by making false report about Plaintiff's household composition

(Rev. 07/06)

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

Citizens of the United States have a right to be presumed innocent until proven guilty under USC 4th, 5th and 14th amendment. The TRAILS database denied all citizens of Colorado the right to live peacefully, work in their chosen fields, to obtain housing and educational services and study in various professional fields because case workers who are not qualified, have not done appropriate evaluation using professional standards, are providing "expert" opinions wihtout being licensed by the Colorado Offender Management Board to do so and evaluating persons with disabilities and providing "expert" opinion and listing persons with disabilities in the TRAILS data base who are not licensed professionals in the disability or mental health field. Intake workers who may have never had any personal contact with, never made home visits and who fail to follow standard investigative techniques such as speaking to witnesses themselves are placing citizens in the database

County agencies are using sealed police records not appropriately acquired, preliminary police reports before investigations are completed. This database is unconstitutional and denies Colorado citizens fundemental rights under the US Constitution. Citizens appealing these decisions are denied the help of civil lawyers assigned by the court and expected to represent themselves against the Colorado Attorney General including those with cognitive, mental and physical disabilities even though no handicap accessible law library is availabe in the entire state of Colorado and many of the allegations are of a criminal nature risking the person losing rights under the 5th amendment. The TRAILS appeal process has to made within a 10 day time line even if pending criminal charges exist therefore, citizens are denied the "right to remain silent" and are required to put a statement in writing giving detailed information which could compromise a criminal trial.

The department of human services is allowed to give "summary" testimony of statements it claims have been made by un-named witnesses denying citizens the opportunity to face and cross examine witnesses against them. The department of human services is not being required to apply the CDHS best practices handbook for provision of services to families experiencing Domestic Violence and is placing DV survivors in the database for acts perpatrated by the abuser, and even after professional DV experts have found the initial report was an act of "coercive domestic violence" and the investigation does not validate the initial report. CDHS uses the database to penalize crime victims and strip persons experiencing DV of all rights under self-defense regulations including the CO "make my day" law.

Although state and federal law require law enforcement and government agencies to adhere to orders by the court sealing records. The TRAILS database circumvents the court rulings by placing the sealed information into a public database in the form of "case notes". County agencies maintain the sealed records in their files and have the records used in appeals and administrative hearings-actually have the sealed records read into the record and presented to the Administrative Law Judge as if the Appellant is guilty of the offense despite charges being dismissed and order of the court to seal the records depriving the appellant the right to cross examine witnesses, dispute facts in the reports and without folloring required procedure to unseal the record by filing motion with the court to do so.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

The TRAILS database is being used to discrimnate against citizens with disabilities and deny citizens the right under CRS to be evaluated based on their own cultural and religious norms and is being used to marginalize and discriminate against religious groups who practice polygamy and other religious traditions in relation to marriage, family & child rearing practices and divorce. Even when the court orders the agency to have appropriate culturally sensitive evaluations completed for a family case workers are allowed to make a finding and place the family into the databse before such evaluations are completed

(Rev. 07/06)                                    4

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

The TRAILS databse is being used to marginalize and prevent PWD & DV survivors from getting necessary housing, employment and educational training and employment. County agencies are allowed to make findings against persons with disabilities before appropriate evaluations by a licensed disability professional are completed. County agencies are allowed to list a person in the database as having a "substantial" mental or physical illness that makes them a danger to their own children and the public, even if those diagnoses are made by persons who lack professional training and licensing to make such findings. When patros file litigimate civil rights complaint agencies are allowed to release confidential information regarding those complaints and list patrons in the database as a form of intimidation, harassment and to influence victim/witnesses in Federal investigations of civil rights violations by the USDA and US Dept. of Health and Human Services office for civil rights.

The Violence Against Women Act and Crime Victims Constitution prohibit housing, employment and other firms from using the person's status as a victim to penalize them or deprive them of services or the right to housing and employment. When case workers do not adhere to the CO State CPS best practices manual and list DV survivors in the database for the actions of a perpatrator the victim and their children are subjected cruel and unusual punnishment, deprived of necessities and prohibited from working in the field most commonly used by single parents, PWD and other vulnerable populations who must work entry level positions and service positions to become self-sufficient and decrease dependence on public assistance. Families are also rendered homeless because housing programs automatically deny patrons who are regarded as child abusers-a criminal conviction is not necessary for a housing authority to deny housing assistance only a documented "pattern of behavior".

CDHS and its subsidiary agencies simply use TRAILS to circumvent and reverse all of the protections afforded crime and domestic violence through federal regulations.

(Rev. 07/06)                                                   5

# REQUEST FOR RELIEF

Plaintiff requests the following relief:

That the Colorado TRAILS database be declared unconstitutional

That all persons listed in the database for alleged criminal acts be removed unless a trial is conducted and they are found guilty in a court of law

That Persons with Disabilities, Persons with alternative lifestyles, religious and racial minorities not be placed in the database unless appropriate cultually sensitive evaluation has been conducted to ensure that the person has acted within "what is reasonable expected" in their culture and with their physical or mental limitations

That case workers not be allowed to list persons in the database as an individual with a diagnosed psychiatric or cognitive disorder if that professional does not have the education, training or license to make said diagnoses or determine if said disabilities make the person a danger to themselves or the public

That TRAILS database be required to remove all information such as identity of rape victims, identity of persons VAWA regulations

That "intake" workers be prohibited from making TRAILS findings until an investigation is conducted

That CDHS employees adhere to CDHS DV manual regarding TRAILS findings for victims of crime and Domestic Violence which prohibit agencies from listing DV survivors in the databse based on actions by the perpatrator

That agencies be required to consider how making findings on the parent will affect children, i.e. many low income persons work in service industries, making findings out of anger or revenge will make the parents unable to work and dependent on public assistance longer

Prohibit agencies from using database as a means on intimidating civil rights complaint filers or their families

Date: 1-17-16

_____
(Plaintiff's Original Signature)

17 N, GARLAND AVE.
_____
(Street Address)

Colorado Springs, CO 80909
_____
(City, State, ZIP)

719.220.4242
_____
(Telephone Number)

(Rev. 07/06)                                    6