IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00150-GPG

LEILA McCOY,

    Plaintiff,

v.

CO DEPT OF HUMAN SERVICES, and
STATE OF COLORADO,

    Defendants.

---

ORDER TO AMEND

---

    Plaintiff Leila McCoy currently resides in Colorado Springs, Colorado. She initiated this action by filing a Complaint on January 20, 2016. Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, which has been granted.

    I must construe Plaintiff's Complaint liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

    Plaintiff claims jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985 and to the Americans with Disabilities Act. In the Background section of the Complaint, Plaintiff states that (1) on September 1, 2013, the El Paso County Department of Human Services removed Plaintiff's children and had her arrested; (2) the charges against her were later

1

dropped and the court record was sealed; (3) she filed a complaint with the "agency" (apparently the Department of Human Services); and (4) a citizens review panel found the agency had failed to provide an appropriate evaluation and reasonable accommodations, discriminated against Plaintiff regarding services, and did not provide agency documents, court filings, and publications in an accessible format.   ECF No. 1 at 2.   Plaintiff further asserts that then she filed a civil rights complaint with the U.S. Department of Health and Human Services, and in retaliation for filing the complaint, the sealed records, from apparently Plaintiff's criminal proceeding in El Paso County, Colorado, were placed in the TRAILS[1] database.   *Id.*

Plaintiff also asserts that she is blind, mobility impaired, and has several documented chronic health conditions.   *Id.*   She further contends that the TRAILS database is unconstitutional because employees who are not qualified to evaluate disabilities place information in the database about Colorado citizens.   *Id.* at 3.   As a result incorrect information is disseminated to other agencies, and individuals like Plaintiff, who are blind and wheelchair bound, are denied access to educational and housing services and employment.   *Id.*   Plaintiff further asserts that the ability to appeal the information is only ten days, even if criminal charges exist, which denies an individual their right to remain silent in a criminal proceeding.   *Id.* at 3.   Plaintiff further asserts that the TRAILS database discriminates against individuals who practice polygamy and other religious traditions in relation to marriage, family, and child rearing.   *Id.* at 4.   Plaintiff requests that the TRAILS database be declared unconstitutional and that information regarding a person's disabilities, alternative lifestyles, or rape victim identity not be placed

---

[1] TRAILS is a Statewide Automated Child Welfare Database the confirms cases of child abuse or neglect.

in the database unless a trained or licensed professional has conducted an evaluation and an investigation and made a proper diagnosis. *Id.* at 6.

I will direct Plaintiff to file an Amended Complaint for the following reasons.

First, to state a constitutional deprivation pursuant to 42 U.S.C. § 1983 Plaintiff must explain (1) what a defendant did to her; (2) when the defendant did it; (3) how the defendant's action harmed her; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In other words, Plaintiff must state

Plaintiff also is directed that she must assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Further, 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.") (emphasis added). Any defendant that Plaintiff asserts violated her constitutional rights must be acting under color of state law.

Supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor cannot incur liability under § 1983 for his

mere knowledge of a subordinate's wrongdoing. *Id.; see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

To the extent Plaintiff relies on 42 U.S.C. § 1985, her claims are not supported by facts. Plaintiff's allegations do not support a claim under § 1985(1) (preventing officer from performing duties) or § 1985(2) (obstructing justice, intimidating party, witness, or juror). Plaintiff, however, may be attempting to assert a claim under § 1985(3), which creates a cause of action against persons who conspire to deprive a person or class of persons equal protection or privileges. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994). But to state a claim under § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the

laws; (3) the conspirators committed some act in furtherance of the conspiracy; and (4) the plaintiff was either injured in her person or property or was deprived of having and exercising any right or privilege of a citizen of the United States.  *See Griffin v. Breckenridge*, 403 U.S. 88, 103–04 (1971).   Plaintiff fails to allege the four elements.

Second, Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."   42 U.S.C. § 12132.   The Act defines a "public entity" as any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority.   42 U.S.C. § 12131(1) (emphasis added).   *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).   Plaintiff has named the Colorado Department of Human Services and the State of Colorado as defendants, who are properly named parties in an ADA claim.

Nonetheless, to state a claim under Title II, a plaintiff must allege that "(1) [s]he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."   *Robertson v. Las Animas Cnty Sheriff's Dep't* , 500 F.3d 1185, 1193 (10th Cir. 2007).   Plaintiff does not state what public entity's services, programs, or activities she was denied based on her disabilities.

I will address the Letter that Plaintiff also submitted along with her Complaint on January 20, 2016.   In the Letter, Plaintiff states that she does not "consent for [her] case

to be heard before the Magistrate . . . . and request the court have [her] case heard and reviewed by an impartial judge."   ECF No. 4.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a).   Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

A judge is to recuse himself when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party."   28 U.S.C. § 144.   Further, under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

In the Letter Plaintiff filed on January 20, 2016, she failed to file a sufficient affidavit stating that the "Magistrate" who previously heard her cases had a personal bias or prejudice against her.   Plaintiff's Letter states that (1) the magistrate denied her reasonable accommodations; (2) refused her counsel; (3) identified her communications as frivolous; (4) mocked her claims; (5) discriminated against her based on her disabilities; (6) presented arguments on behalf of respondents; (7) confused her with another plaintiff in an order; (8) attacked her character; (9) told her to complete forms that were not accessible to her because she is blind; (10) buried her in legal language and citations knowing the citations are not available to her; (11) stated the Colorado Department of Human Services and its subsidiary agencies have "judicial immunity;"

and (11) attacked her personally when she attempted to reopen a case because court orders had been sent to the wrong address.

Plaintiff's request that this case be assigned to an "impartial judge" who is other than the magistrate judge that presided over her previous cases, which I have determined are the cases she filed in 2015, is insufficient for the following reasons.   The eleven reasons given by Plaintiff for seeking an assignment to a different magistrate judge are vague and conclusory.   Plaintiff does not identify the specific incidents that would support her general allegations.   Furthermore, even if she had identified specific factual allegations, the eleven reasons are vague challenges to Magistrate Judge Gallagher's rulings in her previous cases.   "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."   *Liteky v. United States*, 510 U.S. 540, 555 (1994).

I do not discern any nonconclusory allegation in Plaintiff's Letter that would call into question the impartiality of this Judge.   A judge has a strong obligation not to recuse when there is no legitimate reason to recuse.   *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).   Plaintiff's allegations, therefore, fail to establish that I have any personal bias or prejudice against her, and I will not recuse myself from this case.
Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above.   It is

FURTHER ORDERED that the Clerk of the Court is to send to Plaintiff two copies of the Court-approved Complaint form to be used in filing an Amended Complaint. Plaintiff only needs to submit one form to the Court when filing the Amended Complaint.   It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the action will be subject to dismissal without further notice.

DATED February 1, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge